IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINDA PEARL WILSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:11-CV-879-L** |
| § | |
| DALLAS COUNTY; DALLAS § | |
| COUNTY COMMISSIONERS § | |
| COURT; JAIME CORTES, in his § | |
| individual and official capacities; and § | |
| HOWARD EUGENE WATSON, in his § | |
| individual and official capacities, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Dallas County and Jaime Cortes' Motion to Dismiss Plaintiff's State Law Claims and/or Supplemental Motion for Summary Judgment as to Such Claims, filed September 5, 2014. Linda Pearl Wilson ("Plaintiff" or "Wilson") did not file a response. After careful consideration of the motion, brief, record, and applicable law, the court **grants** Defendants Dallas County and Jaime Cortes' Motion to Dismiss Plaintiff's State Law Claims and/or Supplemental Motion for Summary Judgment as to Such Claims.

The court held a telephone conference in this action on September 2, 2014, and pointed out that a state law claim of negligence under the Texas Tort Claims Act (the "Act") remained against Defendants Dallas County ("Dallas County") and Jaime Cortes ("Cortes") (collectively, "Defendants"). Counsel for Defendants acknowledged the outstanding negligence claim and informed the court that the claim should be dismissed against Defendants because of the election of remedies and governmental immunity provisions of the Act. Counsel for Wilson did not disagree with Defendants' argument. Moreover, Plaintiff filed no opposition to the pending

Memorandum Opinion and Order – Page 1

dispositive motion, which further underscores the correctness of Defendants' argument. Defendants urge the court to dismiss the negligence claim against them.

Because Wilson filed suit under the Act against Dallas County and Cortes, an employee of Dallas County, the employee must be dismissed immediately once the governmental entity files a motion to dismiss. Tex. Civ. Prac. & Rem. Code § 101.106(e) (West 2011). Section 101.106 applies to "all tort theories alleged against a governmental unit." *Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d 653, 659 (Tex. 2008); *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 463 (5th Cir. 2010) (citation omitted). As Dallas County and Cortes have filed a motion to dismiss, dismissal of this action against Cortes is mandatory.

With respect to Dallas County, it is immune from suit regarding intentional torts. Section 106.057 of the Act "shields municipalities from suits arising from intentional torts committed by government employees." *Gillum v. City of Kerville*, 3 F.3d 117, 121 (5th Cir. 1993) (citation omitted). "A plaintiff cannot circumvent the intentional tort exception by couching his claims in terms of negligence." *City of Waco v. Williams*, 209 S.W.3d 216, 222 (Tex. App.—Waco 2006, pet. denied) (citation omitted).

Wilson's purported negligence claim is based on Howard Watson's ("Watson") intentional acts of sexual assault and official oppression against her. Both of these torts are torts that involve intentional conduct as opposed to those involving negligent conduct, and they therefore cannot serve as the basis of liability for the negligence claim Wilson purports to assert against Defendants. As Plaintiff's purported negligence claim arises out of the intentional acts of Watson, Dallas County cannot be liable as a matter of law to Plaintiff on this claim.

Moreover, a governmental entity can be held liable under the Act only if: (1) the injury to a person is proximately caused by the condition or use of tangible personal or real property; or (2)

**Memorandum Opinion and Order – Page 2**

the personal injury arises from the operation or use of a motor-driven vehicle or motor-driven equipment. Tex. Civ. Prac. & Rem. Code § 101.021 (West 2011). Plaintiff's First Amended Complaint, the operative pleading, is devoid of any allegations to support either ground for recovery. As neither ground exists for recovery against Dallas County, governmental immunity has not been waived, and therefore Dallas County is immune from suit or any recovery of damages regarding Plaintiff's claim of negligence.

For the reasons herein stated, no genuine dispute of material fact exists as to the immunity or liability of Cortes or Dallas County. There is no basis on which either could be held liable under the Act. Accordingly, Defendants Dallas County and Cortes are entitled to judgment as a matter of law on the purported state law claim of negligence. The court **grants** Defendants Dallas County and Jaime Cortes' Motion to Dismiss Plaintiff's State Law Claims and/or Supplemental Motion for Summary Judgment as to Such Claims and **dismisses with prejudice** Plaintiff's purported state law claim of negligence against Defendants.

**It is so ordered** this 19th day of September, 2014.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge