**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LINDA PEARL WILSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-879-L** |
| | § | |
| **DALLAS COUNTY; DALLAS** | § | |
| **COUNTY COMMISSIONERS** | § | |
| **COURT; JAIME CORTES, in his** | § | |
| **individual and official capacities; and** | § | |
| **HOWARD EUGENE WATSON, in his** | § | |
| **individual and official capacities,** | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiff's Motion for Default Judgment, filed September 5, 2014.  After careful consideration of the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment.

Linda Wilson ("Plaintiff" or "Wilson") filed Plaintiff's Original Complaint ("Complaint") on April 27, 2011, against the defendants herein listed.  All defendants with the exception of Howard Watson ("Watson") have been dismissed with prejudice.

Summons was issued by the clerk on April 28, 2011, and Watson was personally served on June 15, 2011.  Under Federal Rule of Civil Procedure 12, Watson was required to serve an answer to Plaintiff's Complaint or file a Rule 12 motion within 21 days of service, which would have been July 6, 2011.  Watson did not answer or otherwise respond as required by law.  The clerk of court, pursuant to Plaintiff's request, entered a default on September 5, 2014.

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a).  Under Rule 55(a), a default

**Memorandum Opinion and Order – Page 1**

must be entered before the court may enter a default judgment.  *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  The clerk of the court has entered a default against Watson.

Watson, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted).  The well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, establish that Watson deprived Wilson of her substantive due process right to bodily integrity, which is guaranteed under the Fourteenth Amendment to the United States Constitution, when he sexually assaulted her in May 2009; and that Watson committed an assault under state law when he sexually assaulted Plaintiff.  The court therefore concludes that Watson is liable to Plaintiff for the acts committed against her, and the court **grants** Plaintiff's Motion for Default Judgment as to liability.

The court also determines that Plaintiff has suffered damages as a result of Watson's illegal conduct; however, the damages are unliquidated, and a hearing is required to determine the amount of damages to which Plaintiff is entitled.  Accordingly, as previously set by the court, a hearing will be held on the amount of damages on **September 22, 2014**, at **9:00 a.m.**

**It is so ordered** this 19th day of September, 2014.

Sam A. Lindsay
United States District Judge