IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LINDA PEARL WILSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-879-L** |
| | § | |
| **DALLAS COUNTY; DALLAS** | § | |
| **COUNTY COMMISSIONERS COURT;** | § | |
| **JAIME CORTES, in his individual and** | § | |
| **official capacities; and HOWARD** | § | |
| **EUGENE WATSON, in his individual** | § | |
| **and official capacities,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On September 19, 2014, the court entered a default judgment against Defendant Howard

Eugene Watson ("Watson") as to liability regarding Plaintiff Linda Pearl Wilson's ("Wilson")

substantive due process claim under the Fourteenth Amendment to the United States Constitution

and her state law claim of assault.  The court held a bench trial on September 22, 2014, to determine

the amount of damages to be awarded to Wilson.  The court now sets forth its reasons for the

amount of damages that it will award Wilson.

The court need not go into extended detail regarding Watson's conduct.  The record

establishes that Watson performed oral sex on Wilson against her will.  Watson acted under color

of law and abused his authority and position as a law enforcement officer to commit the act against

Wilson.  Wilson feared being arrested if she did not comply with Watson's demand for oral sex,

as Watson repeatedly told her that the outstanding warrants against Wilson were in the trunk of his

vehicle and that he "would keep them off her," an obvious reference that Wilson would not have

**Memorandum Opinion and Order – Page 1**

to worry about the warrants being served if she complied with his inappropriate sexual "requests."

When a person acting under color of law makes a "request" and there is an obvious or implied

threat that the failure to comply with the "request" will result in an arrest, the court simply cannot

find that Wilson willingly submitted to Watson's "request."  In other words, a "request" under

these circumstances is a demand or direct order because the law enforcement officer has the tools

and authority necessary to "make good" on the threat.

Moreover, Watson's sexual talk within earshot of Wilson's then-six-year-old daughter on

April 30, 2009, and Watson allowing Wilson to leave his office instead of arresting her, as well as

not informing her that a payment plan could be arranged, leave no doubt as to Watson's ulterior

motives.  Because of Watson's conduct, Wilson is entitled to damages.

Credibility plays a major role in determining the amount of damages.  Wilson testified at

trial that Watson called her the morning of May 1, 2009; however, in an affidavit filed with the

court, Wilson testified that she called Watson that morning.  Also, during her trial testimony,

Wilson did not initially testify that Watson performed oral sex on her.  After the court asked

questions regarding this omission, Wilson *did* testify that Watson performed oral sex on her.

Further, pursuant to Federal Rule of Evidence 201, the court takes judicial notice of Watson's

felony conviction for sexual assault against Wilson.

Although these two areas of Wilson's testimony were initially inconsistent with a prior

sworn statement, the court does not deem the two initial inconsistencies to be fatal to the recovery

of damages, or that her damages should otherwise be limited, because: (1) Wilson was visibly

nervous while testifying; (2) she clarified her testimony; (3) other evidence in the record

established that Watson performed oral sex on Wilson; and (4) victims of sexual assault are

**Memorandum Opinion and Order – Page 2**

embarrassed at having to relive a traumatic experience in court and may omit key details of the incident.

Wilson has been living with the traumatic experience for over five years. The record demonstrates the emotional and mental impact on her. Wilson testified that she currently takes five medications: (1) Seroquel, which is used for schizophrenia, bipolar disorder, or depression; (2) Trazodone, which is to treat depression; (3) Wellbutrin, which also is used to treat depression; (4) Citalopram, which is also used to treat depression; and (5) Xanax, which is used to treat anxiety and panic disorder. She testified that she was not prescribed Xanax until after the assault by Watson. Whatever emotional and mental conditions that Plaintiff was experiencing prior to the assault have been aggravated since the encounter with Watson. Plaintiff testified that the dosages for the four medications she was taking at the time Watson assaulted her have all increased since her encounter with Watson. Wilson testified that she angers easily, cries often, has fears, is embarrassed, and continues to see a medical doctor and has weekly visits with a counselor. Her counselor, Ms. Judy Stewart ("Stewart"), verified that she sees Wilson weekly, that Wilson appears to be progressing well, and that she expects the frequency of counseling to decrease once the lawsuit is over. According to Wilson, she sees Stewart for depression, anxiety, and mental anguish.

Wilson has requested $350,000 as compensatory damages for the constitutional violation and sexual assault committed by Watson. A sexual assault can be a violation so intrusive and emotionally devastating that many victims never fully recover from its traumatic effects. A sexual assault leaves an indelible mark on the victim. For all of these reasons and in light of the evidence in the record, the court determines that an award of $350,000 reasonably compensates Wilson for the damages she suffered as a direct result of the injury inflicted upon her by Watson. Accordingly,

**Memorandum Opinion and Order – Page 3**

the court determines that Wilson is justly entitled to an award of $350,000, and will enter a

judgment by separate document for this amount against Watson.[*]

      **It is so ordered** this 26th day of September, 2014.


                                       Sam A. Lindsay
                                       United States District Judge

---

[*] As Plaintiff did not request an award of punitive damages, the court awarded none.